UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-22884-ALTMAN/REID

R PALACE SURFSIDE, LLC,

    Plaintiff,

v.

ANAMAR VENTURES, INC., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON R PALACE SURFSIDE, LLC'S
MOTION FOR DEFAULT FINAL JUDGMENT**

    This matter is before the Court on Plaintiff R Palace Surfside, LLC's Motion for Default Final Judgment (the "Motion"). After due consideration of the Motion, the record, the Interim Arbitration Award, the Final Arbitration Award, and otherwise being fully advised of the premises, it is hereby **RECOMMENDED** that the Motion be **GRANTED**, and Default Final Judgment be entered in favor of Plaintiff R Palace Surfside, LLC ("R Palace") and against Defendant Anamar Ventures, Inc. ("Anamar") and Defendant Red Diamond, LLC ("Red Diamond") for the reasons set forth as follows:

    1.    This action was commenced by R Palace on June 26, 2023 to confirm the Arbitration Awards entered in an Arbitration between it and Anamar. [*See generally* ECF No. 1-1].[1]

---

[1] In defaulting, Defendants 'admit the plaintiff's well-pleaded allegations of fact.'" *See Petmed Express v. Medpets.com, Inc.*, 336 F.Supp.2d 1213 (S.D. Fla. 2004) (quoting *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)).

2. The action relates to R Palace's attempts to purchase the sole remaining unit, Unit 29 (the "Unit") owned by Anamar Ventures, Inc. ("Anamar"), at the Regent Palace Condominium in accordance with the Declaration of Condominium (the "Declaration"), the Florida Condominium Act, the Interim Arbitration Award, and the Final Arbitration Award in an Arbitration Proceedings between R Palace and Anamar. [ECF No. 1-1 ¶ 1].

3. R Palace owns 33 of the 34 Units at the Regent Palace Condominium. As a result of its ownership of these Units, R Palace controls the Regent Palace Condominium Association, Inc. (the "Association"). *See* [ECF No. 1-1 ¶ 1].

4. Section 21 of the Declaration states, among other things, that with a ¾ vote of the Association, the Condominium can be dissolved and the approving owners of the Association shall have the option to purchase all of the Units of the non-consenting owners. [*See* ECF Nos. 23-1; 1-1 ¶ 11].

5. On March 2, 2022, at a duly and properly noticed meeting of the members (*i.e.,* the unit owners) of the Association, held pursuant to and in accordance with Section 21.2 of the Declaration, the voting interests of more than ¾ of the membership voted in favor of terminating the Condominium. [ECF No. 1-1 ¶ 12].

6. In response to the vote to approve the termination of the Condominium and in accordance with subsections 21.2(A)(B) of the Declaration, R Palace exercised its option to purchase the Unit for $800,000, which R Palace believed in good faith was equal to or in excess of the Unit's fair market value. However, R Palace and Anamar were unable to agree on a price for the Unit. [ECF No. 1-1 ¶ 13].

7. As a result of being unable to reach an agreement for the purchase price of the Unit and as required by subsection 21.2(B) of the Declaration, R Palace initiated an Arbitration

Proceeding against Anamar in Miami-Dade County Florida to determine the fair market value of the Unit and to request specific performance such that Anamar would sell the Unit to R Palace for the fair market price determined in the Arbitration Proceeding. [ECF No. 1-1 ¶ 14].

8. On June 6, 2023, the Arbitrator issued his Interim Award. [*See* ECF No. 23-2].

9. The Arbitrator determined the fair market value of the Unit to be $955,000. [*Id.*].

10. Further, the Arbitrator ordered R Palace to "pay in cash $955,000 as per the provisions of Section 21.2(c) into the Trust Account of [R Palace's] counsel, Greenspoon Marder LLP within 30 days of the entry of the Final Reasoned Award." [*Id.*].

11. R Palace deposited the $955,000 into its counsel's Trust Account in accordance with the Interim Award on June 22, 2023. [ECF No. 23-3].

12. The Arbitrator also entered a judgment for specific performance as follows:

> As aforesaid, Section 21 B of the Declaration of Condominium provides that 'a judgment of specific performance of the sale upon award rendered by the arbitrators may be entered in any court of competent jurisdiction.' The Undersigned approves such and requests that a judgment of specific performance be entered.

[ECF No. 23-2 at 6–7].

13. On August 31, 2023, the Arbitrator issued his Final Arbitration Award in which he denied Anamar's request for attorney's fees and ordered R Palace to pay the arbitration expenses in the amount of $17,908.76 in recoverable costs to Anamar. [ECF No. 23-4].

14. In conformance with the Final Award, R Palace has paid the arbitration expenses and deposited $17,908.76 into its counsel's trust account for Anamar's expenses. [ECF No. 23-5]. Despite R Palace's full compliance, Anamar has failed to comply with the judgment and transfer ownership of the Unit to R Palace.

15. On June 26, 2023, R Palace commenced this action in Miami-Dade County Circuit Court. [*See* ECF No. 1-1]. On August 2, 2023, Defendants removed this action to Federal Court. [*Id.*].

16. On July 4, 2023, Defendants were served with the Complaint. [*See* ECF No. 34 at 8].

17. Defendants moved to quash service which was denied by the Undersigned. [*See generally* ECF No. 34].

18. The Court has jurisdiction over Anamar as it conducts business in Miami-Dade County, Florida through its ownership of the Unit. The Court has jurisdiction over Red Diamond, who attempted to have the Unit fraudulently transferred to it. [*See* ECF Nos. 1-1 ¶¶ 8–9 and 48 at 3].

19. The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332 (d) diversity of citizenship and because the amount in controversy exceeds $75,000. [*See* ECF No. 1-1 at ¶ 5]. The Court further has jurisdiction pursuant to 9 U.S.C. § 9.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

21. After the Motion to Quash was denied, Counsel for Defendants moved to withdraw which was granted. [*See* ECF No. 37]. As a result, Judge Altman ordered Defendants to obtain counsel and file a Notice of Appearance on or before November 15, 2023. [*Id.*].

22. Judge Altman granted the Undersigned's recommendation to enjoin Defendants from attempting to Slander Title to the Unit. [ECF No. 48].

23. Defendants failed to file a Notice of Appearance by November 15, 2023, or otherwise request an extension of the deadline. As such, Plaintiff filed a Motion for Clerk's Default

on November 16, 2023. [*See* ECF No. 45]. The clerk entered the Clerk's Default the following day. [*See* ECF No. 49; Fed. R. Civ. P. 55(b)(1)].

24. Judge Altman then entered an Order on Default Final Judgment Procedure. [*See* ECF No. 50]. Pursuant to the Court's Order on Default Final Judgment, R Palace represents that there are no allegations of joint and several liability.

25. With regards to Red Diamond, the Court has already determined that Anamar's "failure to follow the Association's guidelines, along with the potential hallmarks of fraud, leads to this Court's conclusion that Anamar—not Red Diamond—continues to hold title of the Unit." [*See* ECF No. 32]. Therefore, there is no possibility of inconsistent liability as R Palace is requesting that the Court enter Final Judgment to confirm the Interim Arbitration Award and the Final Arbitration Award.

26. The Court has already concluded that Anamar holds title to the Unit and in accordance with the Interim Arbitration Award and the Final Arbitration Award, Anamar must transfer the Unit to R Palace.

## DISCUSSION

"Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes courts to enter final default judgments against any party who has failed to respond to a complaint. Still, "[a] defendant's default does not in itself warrant the court entering a default judgment. Rather, the trial court must first determine whether there is a sufficient factual basis in the complaint to sustain the judgment." *Outgrow LLC v. Miami Mushroom,* No. 21-60742, 2021 WL 2823266, at *3 (S.D. Fla. July 7, 2021) (Altman, J) (internal citations and quotation marks omitted); *see also Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 733 (11th Cir. 2016) ("Because the

5

allegations in [the] complaint—admitted as true—establish Defendants' liability ..., default judgment was appropriate.").

As set forth in the Complaint and the Motion to Confirm, R Palace has set forth a sufficient factual basis that it is entitled to Final Judgment and the confirmation of the Interim Arbitration Award and Final Arbitration Award.

Pursuant to § 682.12 Fla. Stat., "[a]fter a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to § 682.10 or § 682.14 or is vacated pursuant to § 682.13."

Likewise, 9 U.S.C. § 9 provides that:

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The Eleventh Circuit has consistently recognized that the FAA "expresses a presumption that arbitration awards will be confirmed." *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990); *see also Carey Rodriguez Greenberg & Paul, LLP v. Arminak*, 583 F. Supp. 2d 1288, 1290 (S.D. Fla. 2008) (King, J.) ("A court must confirm the arbitration award unless it is vacated, modified, or corrected."); *Funair Corp. v. Raytheon Co.*, Nos. 04-22327-CIV, 04-22875-CIV, 2005 WL 6718593, at *3 (S.D. Fla. May 20, 2005) (Altonaga, J.) ("[T]he . . . FAA . . . presumes that arbitration awards will be confirmed.").

Accordingly, R Palace is entitled to Default Final Judgment pursuant to Federal Rule of Civil Procedure 55 such that:

a. The Interim Arbitration Award and Final Arbitration Award are hereby confirmed. Anamar is hereby ordered to transfer Condominium Unit No. 29, Regent Palace Condominium, a Condominium, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof, and exhibits thereto, recorded in Official Records Book 10408, at Page 913, of the Public Records of Miami-Dade County, Florida, and amendments thereof, Parcel Number: 14-2235-019-0290, Property Address: 9317 Collins Avenue, Unit 29, Surfside, Florida 33154 (the "Property") to R Palace in accordance with the Interim Arbitration Award and Final Arbitration Award within ten (10) days of the date of the Order and Final Judgment.

b. Within **ten (10) days** of the date of the Order and Final Judgment, R Palace shall deposit $955,000 into the registry of the Court in conformance with the purchase price determined by the Arbitrator for the conveyance of the Property.

c. Within **ten (10) days** of the date of the Order and Final Judgment, R Palace shall deposit $17,908.76 into the registry of the Court in conformance with the reimbursable expenses as determined by the Arbitrator in the Final Award.

d. Rule 70(b) of the Federal Rules of Civil Procedure provides that if real property is located within a judicial district, the court may enter judgment divesting a party's title and vesting it in others. *See Wilmington Tr. Co. for Strutured Asset Sec. Corp. 2005-4XS Tr. Fund v. Pearce*, 8:16-CV-3531-T-

33TGW, 2018 WL 2981453, at *2 (M.D. Fla. June 14, 2018) (Conveying title to property after judicial foreclosure sale); *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT v. Bridges*, 3:17-CV-0085-MCR-GRJ, 2019 WL 2323536, at *1 (N.D. Fla. Feb. 26, 2019) (same); *See, e.g., Allen v. Campbell*, 2021 WL 1239803, *5 (D. Idaho 2021), appeal dismissed, 2021 WL 4693230 (9th Cir. 2021) (divesting defendant's title and vesting in plaintiff); *Fort v. Cilwa*, 2017 WL 8772164, *2 (M.D. Fla. 2017) (divesting title and vesting in trustee); *In re Zair*, 535 B.R. 15, 23 (Bankr. E.D. N.Y. 2015), rev'd on other grounds and remanded, 550 B.R. 188 (E.D. N.Y. 2016) ("[V]esting provides a simplified mechanism to convey legal title to the secured lender."). Pursuant to Rule 70(b), to the extent that Anamar fails to convey the Property to R Palace within the required 10-day period, the Order and Final Judgment is deemed to divest Anamar of title to the Property and vest title to the Property in R Palace. In accordance with Rule 70(b), the Order and Final Judgment has the effect of a legally executed conveyance, without need for any further instrument or action.

e. Anamar's Quit Claim Deed attempting to convey title to the Property to Red Diamond, LLC is declared null and void, *ab initio,* for the reasons set forth in the Undersigned's Order. ECF No. 34.

f. Yeda Cristina Manzalli de Sa's mortgage on the Property is declared null and void, *ab initio,* for the reasons set forth in the Undersigned's Report and Recommendation *adopted* by Judge Altman's Order Adopting Report and Recommendation. ECF Nos. 34, 48.

   g. Yeda Cristina Manzalli de Sa, Anamar, Red Diamond, and their respective officers, employees, agents, representatives, attorneys, or any other person or entity acting through or on their behalf, are hereby enjoined from taking any further action to cloud or encumber the title to the Property or otherwise interfere with the conveyance and vesting of title of the Property to R Palace.

## **CONCLUSION**

It is **RECOMMENDED** that the Motion be **GRANTED**. Objections to this Report may be filed with the District Judge within seven (7) days of receipt of a copy of the Report.[2] Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also*

---

[2] Rule 4(b) of the Magistrate Judge Rules, Local Rules for the Southern District of Florida, requires that a party file any objections to a magistrate judge's report and recommendation within fourteen (14) days of being served "or within such other time as may be allowed by the Magistrate Judge or District Judge." S.D. Fla. L. R. (Magistrate Judge Rule 4(b)). Where exigencies exist, a court may shorten the time for filing objections. *See Fed. Trade Comm'n v. Marcus*, 17-60907-CIV, 2019 WL 11506011, at *1 (S.D. Fla. Mar. 6, 2019) (providing seven days to object to the Report and Recommendation when exigencies existed); *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (holding that trial court did not err in providing parties less than the [then-applicable] full ten-day period to file objections to the magistrate's report and recommendation where exigencies existed, stating that the [then-applicable] "[t]en days is a maximum, not a minimum"); *Hispanic Counseling Center, Inc. v. Incorporated Village of Hempstead*, 237 F. Supp. 2d 284, 290 (E.D.N.Y. 2002) (court may shorten time period for filing objections where exigencies exist). Here, exigencies exist because R Palace is "suffering losses totaling $24,326.92 per week" and is "being forced to carry a $25 million mortgage on the property instead of closing on the transaction. . . ." [ECF Nos. 23 at 5 and 22 at 4]. Moreover, a longer objection period would endanger the community, as the buildings where the Unit is located were "declared unsafe for occupancy[,]" are "destined for demolition[,]" and "pose a Life Safety Threat to abutting properties, including but not limited to the Town of Surfside Municipal Pool and Water Park." [ECF No. 31-1 at 2–4].

*Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

    **SIGNED** this 28th day of November, 2023.

                                                  LISETTE M. REID
                                                  UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge Roy K. Altman**; **and**

        **All Counsel of Record**