UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22884-ALTMAN/Reid

**R PALACE SURFSIDE, LLC**,

    *Plaintiff*,

v.

**ANAMAR VENTURES, INC.,** *et al.*,

    *Defendants.*

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING MOTION FOR DEFAULT FINAL JUDGMENT**

On November 22, 2023, the Plaintiff filed a Motion for Default Final Judgment (the "Motion") [ECF No. 53]. On November 29, 2023, Magistrate Judge Lisette M. Reid issued a report and recommendation, in which she recommended that the Motion be granted. *See* Report and Recommendation ("R&R") [ECF No. 54] at 9. Magistrate Judge Reid also issued the following warning:

> Objections to this Report may be filed with the District Judge within seven (7) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Id.* at 9–10. That deadline has passed, and the Defendants have not served and filed written objections to the R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 54] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion for Default Final Judgment [ECF No. 53] is **GRANTED**.

3. Default Final Judgment is entered in favor of the Plaintiff (R Palace Surfside, LLC) and against the Defendants (Anamar Ventures, Inc. and Red Diamond, LLC) as follows:

    a. The Interim Arbitration Award and Final Arbitration Award are hereby confirmed. Anamar Ventures, Inc. ("Anamar") is hereby ordered to transfer Condominium Unit No. 29, Regent Palace Condominium, a Condominium, together with an undivided interest in the common elements, according to the Declaration of Condominium thereof, and exhibits thereto, recorded in Official Records Book 10408, at Page 913, of the Public Records of Miami-Dade County, Florida, and amendments thereof, Parcel Number: 14-2235-019-0290, Property Address: 9317 Collins Avenue, Unit 29, Surfside, Florida 33154 (the "Property") to R Palace Surfside, LLC ("R Palace") in accordance with the Interim Arbitration Award and Final Arbitration Award by **December 18, 2023**.

    b. By **December 18, 2023**, R Palace shall deposit $955,000 into the registry of the Court in conformance with the purchase price determined by the Arbitrator for the conveyance of the Property.

    c. By **December 18, 2023**, R Palace shall deposit $17,908.76 into the registry of the Court in conformance with the reimbursable expenses as determined by the Arbitrator in the Final Award.

    d. Rule 70(b) of the Federal Rules of Civil Procedure provides that if real property is located within a judicial district, the court may enter judgment divesting a party's title and vesting it in others. *See, e.g.*, *Wilmington Tr. Co. for Structured Asset Sec. Corp. 2005-4XS Tr. Fund v. Pearce,* 2018 WL 2981453, at *2 (M.D. Fla. June 14, 2018) (Covington, J.) (conveying title to property after judicial foreclosure sale); *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT v. Bridges,* 2019 WL 2323536, at *1 (N.D. Fla. Feb. 26, 2019) (Rodgers, J.) (same). Under Rule 70(b), to the extent that Anamar fails to convey the Property to R Palace within the required 10-day period, the Order and Final Judgment is deemed to divest Anamar of title to the Property and vest title to the Property in R Palace. In accordance with Rule 70(b), the Order and Final Judgment has the effect of a legally executed conveyance, without need for any further instrument or action.

    e. Anamar's Quit Claim Deed attempting to convey title to the Property to Red Diamond, LLC is declared null and void, *ab initio*.

    f. Yeda Cristina Manzalli de Sa's mortgage on the Property is declared null and void, *ab initio*.

    g. Yeda Cristina Manzalli de Sa, Anamar, Red Diamond, and their respective officers, employees, agents, representatives, attorneys, or any other person or entity acting through or on their behalf, are hereby enjoined from taking any further action to cloud or encumber the title to the Property or otherwise interfere with the conveyance and vesting of title of the Property to R Palace.

4. The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

5. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on December 7, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record